**UNITED STATES v. 52 ONE–GALLON CANS, MORE OR LESS, OF SALAD OIL.**

**UNITED STATES v. 142 ONE–GALLON CANS, MORE OR LESS, OF SALAD OIL.**

Nos. 3608, 3619.

District Court, D. Connecticut.

April 10, 1935.

George H. Cohen, Asst. U. S. Atty., of Hartford, Conn.

Louis Halle, of New York City, for defendant.

THOMAS, District Judge.

The Agash Refining Corporation of Brooklyn, N. Y., is the refiner and packer of the products involved in these proceedings, and by order of court dated January 8, 1935, was given leave to intervene. Exceptions to the libels were filed on January 15, 1935, whereupon the libelant filed motions to dismiss the exceptions which are identical in both cases. As they were argued and briefed together, they may be disposed of in a single memorandum.

In the first case, No. 3608, the libel charges that the intervener's "Italian Cook Brand" container violates the act of Congress approved June 30, 1906, commonly

known as the "Food and Drug Act," U.S. C.A. title 21, § 1, et seq., particularly section 8, general paragraph and paragraph second, in the case of food, U.S.C.A. title 21, §§ 9 and 10, in that the statements and colors on the label are misleading and tend to deceive and mislead purchasers because they create the impression that the product is Italian olive oil, whereas it is not; in that the statement on the label "Pure Vegetable Salad Oil" is misleading and tends to deceive the purchaser because this term may include olive oil; and in that it purports to be a foreign product, when in fact it is not.

The libel in the second case, No. 3619, charges that the intervener's "Messina Brand" product violates the same statute, in that the statements on the label are misleading and tend to deceive and mislead the purchaser because they create the impression that the product is Italian olive oil, when in fact it is not; and in that it purports to be a foreign product, which it is not.

At oral argument the intervener presented, and by agreement of counsel there was admitted in evidence, a can in each case bearing its respective label which was offered for consideration by the court.

■ The exceptions in each case attack the libels for failure to accurately describe the packages, and assert that the libels are insufficient in law because an examination of the container establishes, as a matter of law, that the package shows nothing which is either misleading or deceptive. The intervener argues that all that appears on the container should be considered in reaching a conclusion, and that a conclusion should not be based upon such excerpts from the container as have been recited in the libel. This argument is sound because it is only when taken as a whole—it is only when all that appears upon all sides of the container is considered that any safe or fair conclusion can be reached.

■ The claim made by the libelant that either one or both of these containers suggest a foreign origin is a far cry from the fact. With reference to this, section 9 of the statute provides that the term "misbranded" shall apply "to any food or drug product which is falsely branded as to the State, Territory, or country in which it is manufactured or produced." It seems quite clear to me, after an examination of all the labels, that none of them fall within the condemnation of the statute. The

"Italian Cook Brand" label is entirely English, except for one side panel upon which there is a statement as to the uses for the oil which is printed in Italian, which is no more than a translation of the English upon the other side panel, both of which carry prominently the words, "Agash Refining Corp., Bush Terminal, Brooklyn, New York." There is nothing else upon the label having reference to place or origin. The appearance on the front and back panels of the can of three colored diagonal stripes of red, white, and green, as a background for the printed matter, lends no support to libelant's contention that because there are three vertical stripes of red, white and green in the national flag of Italy one must conclude that the oil within the container is a product of Italy. Looking at the container, it is incredible that anyone of fair intelligence could be deceived into thinking that the product inside of it was manufactured or produced in Italy. On the contrary, it must appear to that same person of fair intelligence that the Agash Refining Corporation of Brooklyn, N. Y., is its producer, and that it is a domestic article.

#### The "Messina Brand" Label.

■ Nothing about this container suggests a foreign product. Both the front and back panels show clearly and distinctly the words "Made in U. S. A."

■ There only remains for decision the question of whether either label tends to create a belief in the mind of a purchaser that the product contained in the cans is olive oil. The printed legend describes the contents as "Pure Vegetable Salad Oil." That pure vegetable salad oil has been recognized by the Federal Specifications Board seems clear. In its pamphlet issued September 16, 1930, the federal specification for "Oil; Vegetable, Salad," specifies two types, to wit, type A, which is "any edible vegetable oil, excepting olive oil," and type B, which is "any designated type of edible vegetable oil, excepting olive oil." It seems clear that the test requirements as above set forth are such as to show that olive oil could not qualify under the description of "vegetable salad oil" by reason of the obvious characteristics of olive oil. The second edition of Webster's New International Dictionary, published in 1934, defines "salad oil" as "an oil for salad dressing, specifically in trade any edible oil other than olive oil, as cottonseed, corn or peanut oil." Adopting the principle that

courts may judicially notice much which they cannot be required to notice, it may be observed that in advertising these oils tradesmen invariably describe "olive oil" as "olive oil" and all other oils as "salad oils." Furthermore, while technically olive oil may be classed as a vegetable oil by way of distinguishing it from animal or mineral oils, by common understanding, as well as by dictionary definition, olive oil is a fruit oil, since the olive is defined as a fruit of the olive tree and olive oil as "oil expressed from the ripe fruit of the olive," whereas the other oils commonly known as "salad oils," are strictly vegetable oils, as the word "vegetable" is commonly understood.

There is nothing in the case of U. S. v. Ninety-Five Barrels of Vinegar, 265 U. S. 438, 44 S.Ct. 529, 68 L.Ed. 1094, which lends support to the contention of the government in this case. There it was found as a fact that the product labeled "Apple Cider Vinegar" made from selected apples was not in fact apple cider vinegar as that term was generally understood.

In the case at bar the intervener's product is concededly vegetable salad oil, and in my opinion does not even tend to mislead or deceive "the purchaser," who, in the case of a sale at retail, would be one of the general public not necessarily informed as to the trade meaning of words, into believing that the product is, as a matter of fact, olive oil. Regardless of what the understanding may have been many years ago when about the only salad oil commonly known was olive oil, today with great advances made over the old days the words "salad oil" and "olive oil" are everywhere recognized as being distinctly different products. Today it can hardly be claimed that there is confusion even, much less deceit, in the use of the words "salad oil" and "olive oil." They are recognized as two separate articles. The words on the can "Pure Vegetable Salad Oil" cannot possibly be understood to mean olive oil or lead one to believe that he is purchasing olive oil.

While it is true that the only evidence we have here is the pleadings, including the exceptions which stand admitted on the motion to dismiss, together with the cans with the labels upon them, I am of the opinion that the application of the doctrine of judicial notice, referred to supra, is ample justification for the conclusions herein reached. Amplification of the doctrine may be found in Wigmore on Evidence (2d Ed.) vol. 5, § 2583. Hence I hold that the instant case does not fall within the cases cited and relied upon by the libelant, of which Von Bremen et al. v. United States (C.C.A.) 192 F. 904, is an example. In that case, and others of similar import, the prosecutions were by the United States on criminal information. Here we have proceedings in rem by way of libel for condemnation where the goods have been seized and are now in the custody of the marshal.

It follows, therefore, that the motions to dismiss are both denied, the exceptions in both cases are sustained, the attachments vacated, and the property seized by the marshal should be returned.

Submit decree accordingly properly consented to as to form.